UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jane Doe C.L., <br><br> Plaintiff, <br><br> v. <br><br> New Prime, Inc., <br><br> Defendant. | Civil Action No. 23-12009-MJJ |

## MEMORANDUM OF DECISION

September 29, 2023

JOUN, D.J.

On August 30, 2023, Plaintiff Jane Doe ("C.L.") filed suit against her employer Defendant New Prime, Inc., ("Prime, Inc.") alleging Negligence, Negligent Infliction of Emotional Distress, Discrimination based upon gender and sex, Sexual Harassment and Hostile Work Environment, and Breach of Contract. [Doc. No. 1]. C.L. additionally filed a Motion to Seal and Proceed Pseudonymously. [Doc. No. 2].

In her Motion, C.L. argues she was sexually harassed and assaulted by her trainer under the care and control of Prime, Inc. *Id*. C.L. further argues Prime, Inc. had knowledge of the trainer's history of sexual misconduct with women trainees yet failed to deter such conduct. *Id*.

**I.   DISCUSSION**

The First Circuit has identified "four general categories of exceptional cases" where litigation by pseudonym is appropriate: (1) where "a would-be Doe who reasonably fears that coming out of the shadows will cause [her] unusually severe harm; (2) where identifying the would-be Doe would harm 'innocent non-parties;'" (3) where "anonymity is necessary to

1

forestall a chilling effect on future litigants who may be similarly situated;" and (4) where the suit is "bound up with a prior proceeding made confidential by law." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70-71 (1st Cir. 2022) (cleaned up).

C.L. argues she faces serious risks if her identity is exposed, including industry retaliation, and further emotional damages[1] due to the alleged sexual harassment and assault. She argues sexual harassment within the trucking industry is a national epidemic and that to proceed pseudonymously is necessary to protect her privacy and safeguard her future. C.L. has stated reasonable fears of retaliation and psychological harm if her name is disclosed. Furthermore, this case involves "[i]ntimate issues such as sexual activities," which prompt deterrence concerns. *See id.* at 71. Thus, C.L.'s case falls under the first and third prongs of exceptional cases where litigation by pseudonym is appropriate. *See id*.

## II.   CONCLUSION

For the reasons above, C.L.'s Motion to Proceed Pseudonymously is <u>GRANTED</u>. The Court will allow C.L. to proceed by pseudonym in court filings at this time (and personal identifying information may be redacted from court filings made by the parties in this matter). The Court is not ruling that such will be appropriate if and when this matter proceeds to trial. If the case proceeds to trial, the Court will revisit this matter with counsel for the parties at any pretrial conference. Prime, Inc. and its agents shall not identify C.L. to any non-party other than may be reasonably necessary to defend against this action. Finally, C.L. must file a document under seal containing her identity.

SO ORDERED.

/s/ Myong J. Joun  
United States District Judge

---

[1] C.L. has identified feelings of shame and embarrassment due to the alleged sexual assault and harassment.